IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ASARCO LLC**, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>**XSTRATA PLC**, a United Kingdom Corporation,<br><br>        Defendant. | **MEMORANDUM DECISION & RULING**<br><br>Case No.  2:12-cv-527<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin Pead |

      This matter was referred to Magistrate Judge Dustin Pead by Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A) (Document Number 34).[1]  Before the Court is Xstrata PLC's ("Defendant") Motion to Quash for ineffective service of process (Document Number 33). The Court has carefully reviewed the motion and memoranda submitted by the parties.  The Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

### ARGUMENT

      Defendant moves to quash Plaintiff's service of process on the grounds that it was ineffective due to the use of an improper method not contemplated under the Federal Rules of

---

[1] This case was first assigned to District Court Judge Dale A. Kimball.  After Judge Kimball's recusal, this case was reassigned to Judge Tena Campbell (Document Number 32), who then referred this case to Magistrate Judge Dustin Pead.

Civil Procedure or the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("the Hague Convention") (Document Number 33 at 2). Specifically, Defendant claims that Plaintiff mailed or dropped the Complaint and Summons in Defendant's company letterbox, and that neither the federal rules nor the Hague Convention approve of this method of service. *Id*. Defendant equates the dropping of service documents in a letterbox with service of an international defendant directly by mail, and notes that there is a circuit split on whether service of process by mail is permitted under Article 10(a) of the Hague Convention. *Id*. at 3. Defendant contends that, consistent with the Fifth and Eighth Circuits, this Court should find that service by mail is not permitted under the Hague Convention. *Id*.

Additionally, Defendant asserts that even if this Court finds service by mail to be proper, service in this case should still be deemed improper because Plaintiff failed to serve the Complaint and Summons by certified international mail. *Id*. at 4-5. Defendant contends that both the federal rules and case law require international mail to be certified if served upon U.S. companies and individual defendants, and that the same standard should apply to U.S. plaintiffs serving international defendants. *Id*. at 6.

In response, Plaintiff asserts that its service of Defendant was properly certified through the Central Authority of the United Kingdom, as stipulated by Article 5 of the Hague Convention. (Document Number 36 at 1). Accordingly to Plaintiff, service of process through a foreign state's central authority is the primary method contemplated under the Hague Convention. *Id*. at 1-2. Here, service was properly submitted to the United Kingdom's Central Authority, who then posted the service documents in Defendant's company letterbox. *Id*. at 2. In

addition, the Central Authority's Foreign Process Section stamped and authenticated that service of Defendant was proper and consistent with United Kingdom laws. (Document Number 24 at 3; Document Number 36 at 2, 4-5).

Plaintiff argues that Defendants' interpretation of Article 10(a) of the Hague Convention is immaterial because service of Defendant was properly given under Article 5 of the Hague Convention. (Document Number 36 at 3-5). Moreover, the Central Authority's attestation of proper service on Defendant establishes *prima facie* evidence of proper service, and Defendant fails to show lack of actual notice or prejudice to rebut this evidence. *Id*. at 5.

## DISCUSSION

This Court finds that Plaintiff served Defendant through the primary method contemplated under the federal rules and the Hague Convention. Accordingly, Plaintiff's service of Defendant is proper.

Federal Rule of Civil Procedure 4(h)(2) states that service on a foreign corporation may be given "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Furthermore, Federal Rule (f)(1) allows service "by any internationally agreed means of service . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1).

In turn, the Supreme Court explained that the Hague Convention's revision of past international civil procedure agreements was intended to "provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v.*

*Schlunk*, 486 U.S. 694, 698 (1988).  The Supreme Court further clarified that, "The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries." *Id*.; Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), [1969] 20 U.S.T. 362, T.I.A.S. 6638, Art. 2.  Once a central authority receives a foreign service request, "it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law." *Volkswagenwerk*, 486 U.S. at 699; 20 U.S.T. 362, Art. 5.  After service is effected, the central authority provides "a certificate of service that conforms to a specified model." *Volkswagenwerk*, 486 U.S. at 699; U.S.T. 362, Art. 6.

      In this case, Plaintiff served Defendant through the Central Authority of the United Kingdom, as evidenced by the Central Authority's certificate attesting that Defendant was properly served under the internal laws of the United Kingdom (Document Number 24).  After receiving Plaintiff's request, the Central Authority posted the documents through Defendant's company letter box, and certified that service occurred by a method approved under the internal laws of the United Kingdom.  *Id*.  This method of service was in harmony with the requirements of Articles 5 and 6 of the Hague Convention.  Furthermore, Defendant fails to meet its burden of showing how this method failed to provide actual notice or caused prejudice to the Defendant.

      Defendant's implication that Plaintiff personally sent the Complaint and Summons to Defendant's company letterbox, a process the Defendant compares to sending service by mail, is inaccurate.  The method of service in this case can be distinguished from the cases that

Defendant cites in support of this position. In each of Defendant's cases the plaintiff, or a party other than a central authority, directly mailed service to an international defendant without placing a request with the relevant central authority. *See Nuovo v. Storman Asia M/V*, 301 F.3d 374, 377-78 (5th Cir. 2002) (plaintiff effected service of process by sending documents by Federal Express mail to defendant's president); *Wilson v. Honda Motor Co.*, 776 F.Supp. 339, 340 (E.D. Tenn. 1991) (Tennessee Secretary of State sent documents directly to defendant by registered mail); *Raffa v. Nissan Motor Co.*, 141 F.R.D. 45, 45 (E.D. Pa. 1991) (plaintiff directly sent defendant summons and complaint by registered mail). As explained above, Plaintiff sent a request to the Central Authority who then posted the Summons and Complaint in Defendant's company letterbox. Because Defendant was not served by mail, the Court finds that Article 10(a) of the Hague Convention is not applicable.

## CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Quash is DENIED.

DATED this 26th day of February, 2013.

BY THE COURT:

_____
DUSTIN PEAD
United States Magistrate Judge