# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **ASARCO LLC, a Delaware limited liability company,**<br><br>**Plaintiff,**<br><br>v.<br><br>**NORANDA MINING, INC., a Delaware corporation,**<br><br>**Defendants.** | **MEMORANDUM DECISION & ORDER**<br><br>**Case No. 2:12-cv-00527**<br><br>**United States District Court Judge Tena Campbell**<br><br>**Magistrate Judge Dustin Pead** |

This matter is before the Court pursuant to a 28 USC §636(b)(1)(A) referral from District Court Judge Tena Campbell (doc. 34).  Currently pending is Defendant Noranda Mining's (Noranda) Motion For More Definite Statement (doc. 57) and Noranda's Motion to Strike Plaintiff Asarco, LLC's (Asarco) Second Amended Complaint (doc. 59).

## I.  BACKGROUND

 On June 14, 2013, Judge Campbell issued an Order granting Asarco leave to amend its Complaint in order to join the proper Defendant, Noranda Mining, Inc. (doc. 52).[1]

Thereafter, on June 18, 2003, Asarco filed an Amended Complaint naming Noranda Mining Inc. as Defendant (doc. 53).  In addition, Asarco amended the amount claimed to settle its underlying liability relating to the Richardson Flat Park City Mining District (Site), pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), as amended, 42 U.S.C. § 9613(g)(3)(B),  from approximately $8,850.000 to

---

[1]The prior named defendant was Xstrata PLC, a UK corporation.

$10,413,646.19 (docs. 2, 53, ¶31).

On July 22, 2013, Noranda filed a Motion for More Definite Statement arguing that while the Amended Complaint alleges " the full amount [Asarco] paid to settle its liability, [Asarco] has failed to allege the amount of *overpayment* that may be attributable to Noranda." (doc. 57, p.4).  Specifically, Noranda requested that Asarco provide a more definite statement and clarify with particularity "[t]he amount [Asarco] purportedly overpaid in its settlement with Atlantic Richfield and/or US EPA and the amount [Asarco] now asserts Noranda owes as its share of said amounts." *(*doc. 57, p.6).

Instead of filing an opposition, on August 8, 2103, Asarco filed a Second Amended Complaint stating that it has incurred approximately $8,707,455.57 for response action amounting to $7.4 million in principal, plus $1,307,455.57 in interest and clarifying that "[t]his amount represents more than Plaintiff's allocable share of costs related to its releases or disposal of hazardous substances in the Site." (doc. 58).

On August 23, 2013, Noranda filed a Motion To Strike Asarco's Second Amended Complaint (doc. 59) arguing that the amendment was improperly filed and failed to address the issues raised in Noranda's Motion For More Definite Statement.

## II.  ANALYSIS

### 1.  Asarco's Second Amended Complaint Was Properly Filed.

In response to the original Amended Complaint (doc. 53), Noranda filed a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).  *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare

a response."). Thereafter, instead of filing an opposition, Asarco opted to file a Second Amended Complaint (doc. 58). Currently, Noranda moves to strike the Second Amended Complaint (doc. 58) arguing that the filing "elevates form over substance" because the amendment fails to address the issues raised by Noranda in its Motion For A More Definite Statement (doc. 62).[2]

Federal Rule of Civil Procedure 15(a)(1)(B) states that a party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)(B). Here, Noranda's Motion for More Definite Statement, filed pursuant to Rule 12(e), required a responsive pleading and Asarco, pursuant to Rule 15(a)(1)(B), appropriately filed a Second Amended Complaint, in response thereto, within the 21-day requirement.

While Noranda admits that the filing of a Second Amended Complaint was procedurally proper, it argues that "such formulaic compliance is inadequate in this instance" (doc. 62). The Court disagrees. Asarco has complied with the express language of the Rule, and while Noranda may be dissatisfied with the amendments made, the Court declines any invitation to re-fashion procedural rules based upon "inadequacies"--- perceived or actual.

Accordingly, as there is no procedural basis to strike Asarco's Second Amended Complaint, Noranda's Motion To Strike the Second Amended Complaint is hereby DENIED

---

[2]Initially, Noranda argues that Asarco's filing of a Second Amended Complaint in response to its Motion For More Definite Statement was procedurally improper (doc. 59). However, Noranda appears to abandon that argument as it later admits that the filing was procedurally appropriate (doc. 62).

(doc. 59).

**2.  Based Upon The Filing Of Asarco's Second Amended Complaint, Noranda's Motion For A More Definite Statement Is Moot.**

As stated above, Asarco's Second Amended Complaint was properly filed pursuant to

Rule 15(a)(1)(B).  Thus, Noranda's Motion For More Definite Statement with respect to the

original Amended Complaint is moot as the original Amended Complaint is no longer operative.

In so ruling, the Court does not consider the merits of Noranda's Motion For More Definite

Statement.

Accordingly, Noranda's Motion For More Definite Statement is DENIED as MOOT

(doc. 57).

### III.  ORDER

As stated above, it is hereby ORDERED that:

1.  Noranda's Motion For More Definite Statement is DENIED as moot (doc. 57); and

2.  Noranda's Motion To Strike The Second Amended Complaint is DENIED (doc. 59).

DATED this 22nd day of October, 2013.

_____

Dustin Pead
U.S. Magistrate Judge