IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ASARCO LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NORANDA MINING, INC., a Delaware corporation,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:12-cv-00527<br><br>United States District Court Judge Tena Campbell<br><br>Magistrate Judge Dustin Pead |

This matter is before the Court pursuant to a 28 USC §636(b)(1)(A) referral from District Court Judge Tena Campbell (doc. 34). Currently pending is Movant Sandra M. Stash's (Ms. Stash) "Motion To Quash Letters Rogatory" (doc. 86), and Plaintiff Asarco LLC's (Asarco) "Motion To Compel Further 30(b)(6) Deposition" of Defendant Noranda Mining, Inc. (Noranda) (doc. 97).

## I.  BACKGROUND

On August 8, 2013, Asarco filed its Second Amended Complaint, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), seeking contribution from Noranda for a portion of the $8.7 million Asarco paid to cleanup and control contamination at the Richardson Flats/Park City Mining District (Richardson Flats) Site located in Summit County, Utah (doc. 58).[1] *See* 42 U.S.C. § 9601 *et seq*. Asarco alleges that Noranda

---

[1] The Site itself comprises several areas including the Richarson Flats Tailings Impoundment, the Ontario #3 mine, the Keetley Drain Tunnel, portions of the Lower Silver Creek Area, a slurry line and other associated mine workings. *Id*, at ¶¶11-12.

previously owned and operated a mining facility at the Richardson Flats Site and therefore, as a party responsible for contamination, it is contributorily liable for a portion of the remediation costs paid by Asarco.

In conjunction with the current action, Asarco seeks to depose third party Sandra M. Stash (Ms. Stash). Ms. Stash was a former senior officer and general for Atlantic Richfield Company (Atlanta Richfield), a company that performed operations at the Richardson Flats Site prior to Noranda.[2] In 2008, Atlantic Richfield entered into a comprehensive settlement agreement with Asarco resolving any and all claims against it related to the Site (doc. 86-3, October 17, 2008 "Order Approving Settlement Agreement").

On December 9, 2014, Asarco filed a "Stipulated Motion For Issuance of Letters Rogatory" for Ms. Stash (Ms. Stash) (doc. 81). The motion was granted by this court, and pursuant thereto, an English court scheduled Ms. Stash's deposition for February 10, 2015. On February 3, 2015, Ms. Stash filed her pending "Motion To Quash Letters Rogatory" (doc. 86), and the English court vacated her deposition pending a ruling from this court.

On February 26, 2015, Asarco filed a "Motion To Compel Further 30(b)(6) Deposition" asserting that Noranda's designee was not sufficiently prepared to testify on behalf of the corporation at the 30(b)(6) deposition (doc. 97).

---

[2] The intricate relationship between Asarco, Park City Ventures, The Anaconda Company, Park City Mining Company and Atlantic Richfield is further outlined in the "Stipulated Motion For Issuance of Letters Rogatory for Sandy Stash" (doc. 81) and "Non-Party Sandra M. Stash's Motion To Quash Letters Rogatory For Deposition Subpoena" (doc. 86).

## II.  PENDING MOTIONS

**Ms. Stash's Motion To Quash**

A motion to quash a third-party subpoena "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 625 (D. Kan. 1999) (quotation and citation omitted).  Federal Rule of Civil Procedure 45 governs motions to quash third party deposition subpoenas and states:

> On timely motion, the court for the district where compliance
> is required must quash or modify a subpoena that:
>
> (I) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits
>      specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter,
>       if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(I-iv).

Pursuant to rule 45, Ms. Stash moves to quash her deposition asserting that:  (1) she has no personal knowledge or recollection of the events in question; (2) requiring her to attend constitutes an undue burden; and (3) the information sought may be obtained more easily from other sources.  Asarco counters that given her knowledge of environmental management and settlement negotiations along with information on an alleged plan to discourage the Environmental Protection Agency from placing the Richardson Flats Site on the National Priority

3

List,[3] Ms. Stash's deposition is appropriate.

The Court addresses each of these arguments in turn.

**1. Personal Knowledge**

Ms. Stash asserts that she lacks personal knowledge and does "not recall having any involvement with Richardson Flats" during her term as General Manager of Atlantic Richfield (doc. 86-8, ¶ 8); *see also EchoStar Satellite, LLC v. Splash Media Partners, L.P.,* 2009 U.S. Dist. LEXIS 43555, at *7-8 (D. Colo. May 11, 2009) (issuing protective order precluding deposition based on production of "an affidavit establishing that [deponent] has 'no personal knowledge of the circumstances. . . .'")). Further, Ms. Stash contends that Asarco's arguments stem from a misinterpretation of testimony from Asarco's action against Atlantic Richfield for contribution related to a zinc smelter located in East Helena, Montana (the Montana action) (doc. 94). *See generally ASARCO LLC v. Atlantic Richfield Company,* Case 12-53-H-DLC (D. Mont.)

Asarco challenges Ms. Stash's asserted lack of information and points to testimony in the Montana action from Robin Bullock and Brent Bailey as support for its contention that Ms. Stash possesses knowledge of Richardson Flats that is relevant to its contribution claims against Noranda (doc. 96-2, 96-3). Asarco also directs the court to Ms. Stash's own testimony in the Montana action which it claims contradicts her failure to recall any involvement with Richardson

---

[3] Specifically, Asarco asserts there is evidence to support Ms. Stash's involvement in, or knowledge of, conversations with Senator Jake Garn regarding efforts to keep the Richardson Flats Site off the National Priorities List and allowing it to operate without proper permits (doc. 86-7). The National Priorities List "is the list of national priorities among the know releases or threatened releases of hazardous substances, pollutants, or contaminants throughout the Untied States and its territories. The NPL is intended primarily to guide the EPA in determining which sites warrant further investigation." *See* http://www.epa.gov/superfund/sites/npi (last visited, April 21, 2015).


Flats (doc. 96-1, 98:20-23). Finally, Asarco's former Director of Environmental Services, Donald Robbins provides testimony, based upon his involvement with Ms. Stash during her employment at Atlantic Richfield, affirming "it is likely that Ms. Stash would have information that pertains to Asarco's CERCLA contribution claims against Noranda in this action." *See Declaration of Donald Robbins* (doc. 95, ¶6).

      Upon review of the testimony provided, the court finds there is sufficient evidence to conclude that Ms. Stash may have information relevant to the Richardson Flats Site that supports the taking of her deposition. *See* Fed. R. Civ. P. 26(b)(1) (defining relevant information for purposes of discovery as information that "appears reasonably calculated to lead to the discovery of admissible evidence"). And, while Ms. Stash disagrees with her characterization as a percipient witness, the court finds that any knowledge of Richardson Flats, attendant to her position with Atlantic Richfield, including information related to environmental management, settlements, communications and CERLA litigation and compliance is sufficient to confirm the likelihood of her testimony's relevance for purposes of discovery. *See Deposition of Sandy Stash* (doc. 96-1); (doc. 81).

      At the very least, given the competing declarations regarding Ms. Stash's knowledge of events,[4] the court finds that under the broad scope of discovery the evidence is sufficient to allow Asarco an opportunity to confirm, as Ms. Stash claims, that she has no information relevant to the current action.

---

[4] *See also* (doc. 86-8, ¶10, ¶13, ¶14) (doc. 86-6)

### 2. Undue Burden

Next, Ms. Stash asserts that attending the deposition constitutes an "undue burden" prohibited by rule 45.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).   Specifically, Ms. Stash references the burden imposed by requiring "the parties to retain foreign counsel, travel to London, and forc[ing] Ms. Stash to prepare and sit for a deposition . . . ." (doc. 86).[5]

The court recognizes that there is a burden inherent in a party's required attendance at a deposition.  Such burden is greater where, as here, the deponent is a non-party to the underlying litigation.  Under the current circumstances, however, the court does not find the burden to be undue given that the deposition is scheduled in London, the city of Ms. Stash's residence, at an agreed upon time and date.  Further, the court reminds the parties that the deposition should be limited to questions related to any information Ms. Stash may have that is relevant to Asarco's contribution claim against Noranda involving the Richardson Flats Site.

### 3. Obtained From Other Sources

Under the apex doctrine, a court may protect high level corporate executives from the burden of attending a deposition under the following circumstances:  "(1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company." *Naylor Farms v.*

---

[5]The court notes that Atlantic Richfield retains counsel located in England (doc. 86).

*Anadarko OGC Co.,* 2011 U.S. Dist. LEXIS 68940, *3.[6] Although not referenced by name, Ms. Stash refers to application of the apex doctrine when she suggests that the information sought may be obtained directly from other sources: Noranda employees, United Park City Mining Company or Senator Jacob Garn. The court is unpersuaded. Despite Ms. Stash's status as a high level corporate executive for Atlanta Richfield, the court concludes that Asarco is entitled to depose her regarding any unique knowledge that she may possess. *See Six West Retail Acquisition v. Sony Theater Mgmt.,* 203 F.R.D. 98, 102 (S.D.N.Y. 2001) ("highly-place executives are not immune from discovery . . . .").

Accordingly, for the reasons stated, Ms. Stash's Motion To Quash Letters Rogatory For Deposition Subpoena is hereby denied (doc 86).

**Asarco's Motion To Compel 30(b)(6) Deposition**

On December 9, 2014, Asarco served a "Second Amended Notice Of Deposition" setting Noranda's 30(b)(6) deposition for January 15, 2015 (doc. 98-1). Attached to the Notice was a list of topics to be addressed at the deposition. *Id.* In response, Noranda designated Mr. Mark TenBrink (Mr. TenBrink), "Manager of Closed Sites in the United States for Glencore" as its 30(b)(6) designee and affirmed his ability to give testimony on the designated topics (doc. 98-2). Asarco took the 30(b)(6) deposition of Mr. TenBrink on January 15, 2015.

Thereafter, on February 26, 2015, Asarco filed its "Motion To Compel" arguing that Mr. TenBrink was not properly prepared and "failed miserably to answer questions on even the most simple, identified topics" (doc. 97). As a result, Asarco seeks an additional seven (7) hours of

---

[6]Under the apex doctrine, circumstances (1) and (4) pertaining to personal knowledge and hardship are addressed by the court in subsections (1) and (2).

30(b)(6) testimony and sanctions against Noranda in the amount of $53,021.21.  *Id.*

In response, Noranda asserts that Mr. TenBrink was fully prepared to testify regarding the information set forth in documents currently within Noranda's "possession, custody and/or control" (doc. 100, p 4).  And, although Noranda recognizes Asarco's  seeks a deponent with extensive knowledge of the Richardson Flats Site, it contends that no such person remains currently employed at Noranda (doc.100-1, ¶4).

Federal Rule of Civil Procedure 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation. . . and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors or managing agents or designated other persons who consent to testify on its behalf. . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).  Under the rule, a corporate deponent is designated to testify on behalf of the corporation.  *See Stone v. Morton Int'l. Inc.,* 170 F.R.D. 498, 500 (D. Utah 1997).  "The law is well-settled that corporations have an affirmative duty to make available as many persons as necessary to give complete knowledgeable, and binding answers on the corporation's behalf." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1146 (10th Cir. 2007) (internal quotation and citation omitted).  A corporation is obligated to prepare its deponents to fully answer questions "in a non evasive manner about the designated subject matter." *Raytheon Aircraft Co. v. United States,* 2007 U.S. Dist. LEXIS 66156 at *11 (citing, *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006).  While courts acknowledge that proper preparation of a 30(b)(6) deponent may be an onerous task, the burden is "justified

since a corporation can only act through its employees." *Sprint Commc'n. Co., L.P. v. Vonage Holdings Corp.,* 2007 U.S. Dist. LEXIS 35562 *12.

At the heart of the parties' dispute is a disagreement over the level of preparation required of a 30(b)(6) designee. Although Noranda contends that the volume of documents involved along with the absence of a currently employed individual who is knowledgeable on the Richardson Flats Site minimizes it preparation, the court, in part, disagrees. A 30(b)(6) deponent has an affirmative obligation to become informed on matters regarding the corporation. *Integrated Global Concepts, Inc. v. j2 Global, Inc.,* 2014 U.S. Dist. LEXIS 37027 (N. D. Cal. Mar. 20, 2014). That obligation is not eliminated based upon the number and scope of the documents. *See Concerned Citizens v. Belle Haven Club,* 223 F.R.D. 39, 43 (D. Conn. 2004) (citing *Calzaturficio S.C.A.R.P.A. v. Fabino Shoe Company, INC,* 201 F.R.D. 33, 36 (D. Mass 2001) ("even if the documents are voluminous and the review of the documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed."))). Additionally, even if a designee lacks personal knowledge, a corporation is required to prepare the deponent to provide knowledgeable answers "whether from documents, past employees, or other sources." *See United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. Oct. 10, 1989) (citing, *Ierardi v. Lorillard, Inc.,* 1991 U.S. Dist. LEXIS 11320 (E.D. Pa. Aug. 13, 1991)). A designee's preparation in these matters has elevated importance under circumstances, such as here, where inquiry is made into events that occurred prior to the designee's employment. And, while the court acknowledges that the preparation should not be disproportionate to the burden imposed, the designee should be prepared to provide testimony on matters "known or reasonably available to the organization." *See* Fed. R. Civ. P. 30(b)(6).

9

Upon review of Asarco's amended notice (doc. 98-1), the declaration of Mark TenBrink (doc. 100-1) and portions of the transcript provided by both parties (doc. 98-3, doc. 100-2), the court concludes that Mr. TenBrink was not sufficiently prepared on the noticed topics to meet the requirements of his 30(b)(6) designation.[7]  Noranda's assertion that its obligations under Rule 30(b)(6) cease if it does not possess the documents or the information necessary to prepare Mr. TenBrink (doc. 100), is undermined by the rule itself which requires testimony on all matters reasonably available to the corporation.  It is difficult to imagine, despite Mr. TenBrink's lack of "personal experience or working knowledge of the [Richardson Flats] Site during the 1980s", that information regarding bonding, staffing and the general scope of operations would not be reasonably available to Noranda (doc. 100-1, ¶5).  That said, in advance of any further

---

[7]By way of example, deposition Topic 13 addresses "[a]ny permits, obtained or sureties or bonds posted by Noranda or any failures to obtain permits or post sureties or bonds by Noranda for its Operations at the Site." (doc. 98-1).  At the deposition Asarco asked Mr TenBrink:

> Q: "Do you know whether Norada was required to obtain a bond as it relates to the environmental conditions at the site?
> A: "I do no know" (doc. 98-3 53:3-6).

Topic 17 seeks information on "Noranda personnel with responsibilities for any environmental or mining liabilities relating to Noranda's Operatio at the Site, including environmental, mining or operations managers and any reclamation personnel or counsel involved with negotiation of those liabilities." (doc. 98-1).  At the deposition Asarco questioned Mr. TenBrink,

> Q:  "Do you know whether Noranda had an environmental professional on staff during its operation at the site"
> A:   "I don't know" (doc. 98-3, 77:21-25)

Topic 2 seeks information on "Noranda's Operation at the Site, including mining, test mining, exploration, excavation, drilling, investigations, remedial and other activities." (doc. 98-1).  While the topic itself is broad, Mr TenBrink was unable to testify on even general matters such as the size or capacity of the mill, discharge, and amount mined (doc. 98-3).

deposition, the court advises that Noranda's 30(b)(6) designee should be adequately prepared to testify on the designated topics. Preparation should include a degree of investigation commensurate with the burden imposed. For example, if information on the relevant topic may be easily obtained through contact with a former employee, Noranda should be prepared to do so. Likewise, if the information relevant to the designated topic correlates with specific documentation, and that documentation is in Noranda's possession or is reasonably available, it should be reviewed so that the deponent is prepared to testify authoritatively thereon. Finally, during the deposition Asarco should allow Noranda's designee to review any pertinent documents in order to refresh recollection related to the designee's prior review.

Asarco asserts that Mr. TenBrink was so ill-prepared for the deposition that Noranda effectively failed to appear and consequently Asarco should be awarded $53,021,21 in sanctions for costs necessitated by its motion along with an additional seven (7) hours of 30(b)(6) testimony (doc. 100).[8] The court fails to conclude that Mr. TenBrink's deposition was so deficient that it amounted to a failure to appear and declines to award Asarco the monetary sanctions requested. Additionally, the court declines to award Noranda's request for attorney fees based upon its claim that Asarco has failed "to resolve in good faith the matters raised" (doc. 100, p. 13). *See* Fed. R. Civ. P. 37(a)(5)(A)(I). Instead, the court awards Asarco an additional six (6) hours of 30(b)(6) deposition from Mr. TenBrink or another knowledgeable designee who is prepared to address the deposition topics provided.[6]

---

[8] This amount contemplates $42,930.00 in attorney fees and $10,091.12 in costs associated with the motion and deposition itself (doc. 97, p 15).

[6] The six (6) additional hours encompasses the remaining unused two (2) hours of deposition testimony along with an award of four (4) additional hours of testimony.

### III. ORDER

As stated above, it is hereby ORDERED:

1. Ms. Stash's Motion To Quash is hereby denied (doc. 86); and

2. Noranda's Motion To Compel Further 30(b)(6) is granted (doc. 97)

DATED this 28th day of April, 2015.

_____
Dustin Pead
U.S. Magistrate Judge