IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ASARCO LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NORANDA MINING, INC., a Delaware corporation,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:12-cv-00527<br><br>United States District Court Judge Tena Campbell<br><br>Magistrate Judge Dustin Pead |

This matter is before the Court pursuant to a 28 USC §636(b)(1)(A) referral from District Court Judge Tena Campbell (doc. 34).

I.  BACKGROUND

On April 28, 2015, the court issued its order granting an extension of deadlines for the completion of depositions to June 15, 2015 (doc. 112).  The parties agreed to the extension in order to provide Defendant Noranda Mining ("Noranda") with additional time to take the depositions of Donald Robbins, Thomas Aldrich, and Chris Pfhal.  In addition, the court ordered the parties to meet and confer to reach a stipulation regarding Noranda's "Motion To Amend Scheduling Order" seeking an extension of the remaining discovery dates (doc. 109).  On May 12, 2015, Plaintiff Asarco, LLC ("Asarco") informed the court that the parties were unable to reach an agreement (doc. 113); *see also* (doc. 115) ("[t]he Parties conducted a meet and confer on May 8, 2015, but were unable to come to an agreement.").

## II. STANDARD OF REVIEW

District courts are given "wide latitude" when determining whether to amend a scheduling order, and the Tenth Circuit reverses "only for abuse of discretion." *Summers v. Mo. Pac R.R. Sys.,* 132 F.3d 599, 604 (10th Cir. 1997).

Pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins,* 315 Fed. Appx . 57, 61 (10th Cir. 2009) (quotations and citation omitted). "The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline." *Sithon Maritime Co. v. Holiday Mansion,* No. 96022620KHV, 1999 U.S. Dist. LEXIS 1466, at *7 (D. Kan. Feb. 8, 1999) (quotations and citation omitted).

## III. ORDER

As good cause for modification, Noranda references the parties' discussions surrounding a potential settlement of the action (doc. 109). Asarco, however, disagrees with Noranda's characterization of the negotiations and asserts that Noranda's "interest in settlement is insincere and a mere pretext to delay Court-ordered deadlines." (doc. 114-1).

The court declines to resolve the parties competing views on the viability of their settlement negotiations (doc. 114, 114-1, 115). Instead, on balance, the court finds good cause for a limited extension and amends the deadlines as follows:

| | |
|---|---|
| June 15, 2015: | Deadline for completion of depositions of Donald Robbins, Thomas Aldrich and Chris Pfhal. |
| June 26, 2015: | Deadline for Plaintiff Asarco's Rule 26(a)(2) Reports From Experts |
| July 27, 2015: | Deadline for Defendant Noranda's Rule 26(a)(2) Reports From Experts |
| September 11, 2015: | Deadline for expert discovery to be completed |
| September 25, 2015: | Deadline for filing dispositive or potentially dispositive motions. |

**IT IS SO ORDERED.**

DATED this 14th day of May, 2015.

_____
Dustin Pead
U.S. Magistrate Judge