# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| ASARCO LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> NORANDA MINING, INC., a Delaware corporation, <br><br> Defendants. | REPORT & RECOMMENDATION <br><br> Case No. 2:12-cv-00527 <br><br> United States District Court Judge Tena Campbell <br><br> Magistrate Judge Dustin Pead |

This matter is before the Court pursuant to a 28 USC §636(b)(1)(B) referral from District Court Judge Tena Campbell (ECF No. 168.) Currently pending is Defendant Noranda Mining's (Noranda) Motion to Review the Clerk of the Court's Taxation of Costs (ECF No. 166.)

## I. BACKGROUND

On March 29, 2016, the District Court granted Noranda's motion for summary judgment against Plaintiff Asarco (Asarco) (ECF No. 157.)[1] Noranda filed its Bill of Costs on April 12, 2016 (ECF No.163), and on July 7, 2016, the Clerk of the Court (Clerk) filed a Taxation of Costs (ECF No. 165), awarding Noranda $36,931.83. In doing so, the Clerk disallowed: (1) $3,686.25 for videotaped depositions; (2) $331.71 of costs related to the shipping an delivery of transcripts; (3) $364.00 for a draft of the Andy Davis transcript; (4) $477.00 for costs related to three-ring binders; (5) $275.07 in costs related to witness travel; and (6) forty percent (40%) or $11,198.35 in exemplification and copy costs (ECF No. 165.)

---

[1] An amended order on summary judgment was entered on March 29, 2016 (ECF No. 159.)

On June 14, 2016, Noranda filed its pending motion requesting review of the Clerk's Taxation of Costs (ECF No. 166.)

## II. DISCUSSION

Pursuant to its motion for review, Noranda requests the Court consider an increase in the taxation amount from $36,931.83 to $51,816.43 so as to reflect inclusion of: (1) the 40% of copy and exemplification costs disallowed by the Clerk in the additional amount of $11,198.35; and (2) $3,686.25 in costs Noranda incurred in obtaining video recordings of depositions (ECF No. 166.) The court examines each of these items in turn.[3]

**1. Exemplification & Copy Costs**

The plain language of Rule 54(d)(1) states: "[u]nless a federal statute, [the Federal Rules of Civil Procedure,] or a court order provides otherwise, costs— other than attorney's fee— should be allowed to the prevailing party." Fed. R. Civ. P. 54. If the court determines that certain amounts should not be awarded, it must provide a "valid reason" for its decision to disallow the cost. *Cantrell v. Int'l. Broth. Of Elec. Workers, AFL-CIO, Local 2021,* 69 F.3d 456, 459 (10th Cir. 1995) (en banc).

Noranda argues it provided "substantial documentation" to justify its exemplification and copy costs, and the Clerk erred in awarding only sixty percent (60%) of the amount requested. The court disagrees. Although, Noranda's documentation was extensive, Noranda still bears the burden of demonstrating that the costs were necessarily obtained. Here, as the Clerk concluded,

---

[3] Where fees are disputed, "[t]he burden is on the non-prevailing party to overcome [a] presumption [of costs.]" *Higgins v. Potter*, 2011 WL 3667097, *1 (D. Kan. Aug. 22, 2011). Here, Asarco, as the non-prevailing party, has not opposed Noranda's motion for review, and the time within which to do so has expired. *See* DUCivR 7-1(3)(B).

there is no evidence that the costs requested were necessarily obtained for use in the case, as opposed to for the mere convenience of counsel. Accordingly, the court recommends denying Noranda's objection.

**2. Videotaped Depositions**

28 U.S.C. § 1920(2) provides that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case are taxable." Further, "recovery of costs for both video and web recording of depositions is permitted in most cases if an independent, legitimate use exists." *Rowe v. DPI Specialty Foods, Inc.,* No. 2:13-cv-708-DN. The Clerk determined that Noranda failed to establish a legitimate use for both the videotaped and transcribed depositions and consequently denied costs related to the videotaped depositions.

Upon review, the court concludes it is appropriate to award Noranda an additional $3,686.25 for video recordings of depositions to supplement the transcribed depositions. *Morrisey v. County Tower Corp.,* 568 F. Supp. 980, 982 *E.D. MO. 1983) (internal quotations omitted). Noranda persuasively explains that the video recordings were necessarily obtained for an independent, legitimate use based, in part, upon the relevance of the demeanor and integrity of the deposition witnesses at issue in the underlying litigation. Accordingly, the court recommends granting Noranda's objection and awarding an additional $3,686.25 in costs for videotaped depositions.

## III. RECOMMENDATION

The court RECOMMENDS that Noranda's Motion To Review Clerk's Taxation of Costs is GRANTED IN PART AND DENIED IN PART. The court recommends that Noranda is awarded an additional amount of $3,686.25, for a total award in the amount of $40,618.08.

Copies of the foregoing Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within fourteen (14) days after being served with a copy. *See,* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 20th day of July, 2016.

_____
Dustin Pead
U.S. Magistrate Judge